IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HARLEY McCURRY, III                                                                                          PLAINTIFF

     v.                                    CIVIL CASE NO. 2:20-cv-2004

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 19, 20). The Defendant (the Commissioner) has filed a response and the matter is now ripe for resolution. (ECF No. 21).

On February 28, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,022.85 representing a total of 1.25 attorney hours for work performed in 2019 at an hourly rate of $198.00 and 28.45 attorney hours at an hourly rate of $203.00 for work performed in 2020 and 2021. (ECF No. 20-1). On March 15, 2021, the Commissioner filed a response objecting to Plaintiff's request for 1.25 hours in 2019 for review of the file for consideration of an appeal and communications and/or correspondence to Plaintiff about an appeal and/or in forma pauperis forms as it is both administrative in nature and duplicative of the 1.75 hours in 2020 for the same tasks; 0.9 hours of time expended between January 23, 2020, and April 8, 2020, for clerical tasks including preparation of the complaint, summonses, motion to proceed IFP, receiving and reviewing notices of electronic filings (NEFs) confirming the filing of the complaint, proof of service documents, and the calendaring deadlines related to the scheduling order; 1.25 hours on April 6 and 7, 2020, reviewing the Commissioner's answer and a routine ECF notice directing the parties to identify

duplicative or irrelevant medical records as this time is excessive; and, 2.00 hours for the preparation of the EAJA Motion. (ECF No. 21). Although ordered to do so, more than 30 days have passed with no reply from Plaintiff.

After reviewing Plaintiff's motion and the Commissioner's response, it is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case. The record clearly shows that he is the prevailing party; the government's decision to deny benefits was not "substantially justified"; the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

We find that the Plaintiff is entitled to compensation for tasks performed prior to the filing of the complaint. As previously held by this Court, counsel is expected to be familiar with the case prior to filing a complaint in federal court. *Wyson*, 2016 WL 1069683, at *3. This is true, even if she represented the client at the administrative level and will require her to review notes

from the administrative proceedings, communicate with her client regarding the appellate process, determine whether her client is a candidate for in forma pauperis, and prepare the complaint and summonses for filing with the court. *Id*. We also find that 3.00 hours for performing these tasks is reasonable.

Further, the Commissioner objects to 0.9 hours of time expended between January 23, 2020, and April 8, 2020, for clerical tasks including preparation of the complaint, summonses, motion to proceed IFP, receiving and reviewing notices of electronic filings (NEFs) confirming the filing of the complaint, proof of service documents, and the calendaring deadlines related to the scheduling order. While we do agree that these tasks are compensable under the EAJA, we find the time requested for the performance of these task to be excessive. *See Gay v. Berryhill*, 2018 WL 905740, at *1 (W.D. Ark. Feb. 15, 2018). Accordingly, we find that the Plaintiff is entitled to the time requested for the preparation of the complaint and motion to proceed IFP and reviewing the NEFs and proof of service documents; however, nominal compensation will be awarded for calendaring deadlines, therefore, .20 attorney hours will be deducted from the total time requested.

Likewise, we find Counsel's request for 1.00 hours for reviewing Defendant's answer to be excessive. The answer is a three-page double spaced form document that is utilized by the Commissioner in all Social Security cases. Review of this document should have taken an attorney as experienced as Plaintiff's counsel no more than .25 hours. Further, the drafting of a status letter to the Plaintiff could have been performed by support staff. Accordingly, .75 hours will be deducted from Plaintiff's total award.

The Commissioner also contends that the 2.00 hours Plaintiff requests in compensation for the preparation of the Motion for EAJA fees and its supporting documentation is excessive. This

3

Court has, however, consistently found that 2.00 hours is a reasonable amount of time for the preparation of these documents.  Plaintiff will be awarded the full 2.00 hours for this task.

Accordingly, the Plaintiff is awarded the sum of **$5,830.00** (i.e., the sum of $247.50 (1.25 for work performed in 2019 at an hourly rate of $198.00) + $5,582.50 (27.50 (28.45-.95 hours) hours for work performed in 2020 and 2021 at an hourly rate of $203.00) for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff.  As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 5th day of May, 2021.

/s/ P. K. Holmes III
P. K. HOLMES, III
U.S. DISTRICT JUDGE